**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GLENN BURLACK,

*Plaintiff*,

v.

LONNIE G. BUNCH, III, Secretary,
Smithsonian Institution,

*Defendant*.

Civil Action No. 23-2032 (SLS)
Judge Sparkle L. Sooknanan

**MEMORANDUM OPINION AND ORDER**

In this case, Glenn Burlack sued his employer, the National Museum of the American Indian (Museum), under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. On July 23, 2026, the Court granted summary judgment in the Defendant's favor. *See* Memorandum Opinion (Mem. Op.), ECF No. 44; Order, ECF No. 45. Mr. Burlack now asks the Court to reconsider and alter its judgment under Federal Rule of Civil Procedure 59(e). Having carefully considered Mr. Burlack's arguments, the Court concludes that reconsideration is not warranted.

Rule 59(e) permits a court to "grant a motion to amend or alter a judgment under three circumstances only: (1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to correct a clear error or prevent manifest injustice." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (cleaned up). "[T]he reconsideration or amendment of a judgment is . . . an extraordinary measure," *id.*, and as such, "it may not be used to relitigate old matters," *id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Mr. Burlack contends that reconsideration under Rule 59(e) is warranted (1) because new evidence has become available, (2) because the Court committed clear error in its legal rulings, and (3) because manifest injustice would otherwise result. *See* Mot. Alter or Amend J. (Mot.), ECF No. 46-1. The Court disagrees.

*First*, Mr. Burlack identifies three pieces of new evidence that came into his possession after the Parties briefed summary judgment: (1) April 2026 emails describing a vacancy search that the Museum conducted for Mr. Burlack, (2) a May 2025 email regarding Mr. Burlack's reasonable accommodation request attaching a report from one of Mr. Burlack's medical providers, and (3) the Museum's July 2026 notice of proposed removal and August 2026 removal notice terminating Mr. Burlack's employment. Mot. at 2–3. According to Mr. Burlack, this evidence "cut[s] to the heart of [his] reasonable accommodation claim, and demonstrate[s] that the [Museum] approached the supposedly interactive reasonable accommodation process without a modicum of good faith." Mot. at 5. The problem for Mr. Burlack is that this evidence goes to his reasonable accommodation claim that the Museum failed to reassign him to another unit. And as the Court previously held, Mr. Burlack failed to exhaust that claim. Mem. Op. at 13–17.

In granting summary judgment to the Defendant, the Court explained that Mr. Burlack's formal complaint in February 2022 "could not have encompassed his request for reassignment because he first made the request . . . in August 2022[.]" Mem. Op. at 14–15. And although "Mr. Burlack then amended his formal complaint through a series of emails in September 2022[,]" those emails "complained that he was being given insufficient telework, not that he had been denied a requested reassignment[.]" *Id.* at 15 (describing emails). At bottom, "Mr. Burlack did not submit a formal complaint that he was denied a reassignment as an accommodation," thus "fail[ing] to exhaust that aspect of his claim." *Id.* at 16.

Mr. Burlack nonetheless presses the Court to reopen discovery for 60 days so that he can "take discovery limited to the vacancy search." Mot. at 5. But discovery would not advance an unexhausted claim. Relatedly, Mr. Burlack says that his new evidence "buttress[es]" his "compelling equitable tolling arguments" because it "demonstrate[s] convincingly that [the] Defendant continued to process his reassignment/transfer requests as part of his original reasonable accommodation request." Reply in Supp. Motion Mot. Alter or Amend J. (Reply), ECF No. 50 at 2. He continues: "At no point in the administrative processing of that claim, including during the 'vacancy search,' did [the] Defendant inform Mr. Burlack that he ever considered that claim to be separate from his outstanding, unresolved request for reasonable accommodation." Reply at 2. Mr. Burlack's new evidence does not justify equitable tolling. As the Court previously explained, "equitable tolling is an awkward tool to address his failure to exhaust." Mem. Op. at 17. "Mr. Burlack does not claim that he exhausted this claim outside a relevant deadline; instead, he appears *never* to have exhausted this claim. Equitably tolling the deadline for exhaustion is not the same as waiving that requirement." *Id.* And in any event, Mr. Burlack's new evidence does not present one of the "extraordinary and carefully circumscribed instances" in which equitable tolling is warranted. *Commc'ns Vending Corp. of Ariz. v. FCC*, 365 F.3d 1064, 1075 (D.C. Cir. 2004) (quoting *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998)).

*Second*, Mr. Burlack spills much ink arguing that the Court committed clear error in granting summary judgment to the Defendant. He contends that the Court was dead wrong in every aspect of its ruling, repeating arguments that the Court already rejected. Mot. at 6–19. But "litigants may not use Rule 59(e) . . . to repeat unsuccessful arguments[.]" *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 34 (D.D.C. 2013). "To be clearly erroneous, a decision must strike [a court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the

force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). That is not the case here. The Court's 32-page Memorandum Opinion explained in detail why it rejected Mr. Burlack's claims, and the Court will not repeat those reasons here. In brief, Mr. Burlack failed to exhaust his claim that the Museum did not accommodate his disabilities by not reassigning him to another unit, warranting dismissal without prejudice for lack of jurisdiction. Mem. Op. at 13–17. And the record makes clear that summary judgment is warranted on his remaining claims. The record evidence does not support Mr. Burlack's claim that the Museum failed to adequately accommodate his disabilities through telework. *Id.* at 18–21. His disparate-treatment claims fail because he does not establish pretext. *Id.* at 21–28. No reasonable jury could conclude that the Museum retaliated against him. *Id.* at 28–30. And his hostile-work-environment claim falls well short of the requisite standard. *Id.* at 30–31. Nothing in Mr. Burlack's motion disturbs those conclusions.

*Third*, Mr. Burlack contends that reconsideration is warranted to prevent manifest injustice. Mot. at 20–22. "[M]anifest injustice is an exceptionally narrow concept and arises from rulings that upset settled expectations—expectations on which a party might reasonably place reliance." *Greer v. Bd. of Trs. of Univ. of D.C.*, No. 24-cv-710, 2025 WL 1186260, at *2 (D.D.C. Apr. 4, 2025) (cleaned up). It requires an outcome that is "fundamentally unfair in light of governing law." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013). No such manifest injustice is present here. In urging otherwise, Mr. Burlack repeats his arguments that the Court's ruling was erroneous, Mot. at 20–22; points out that "[a]ny effort . . . to pursue a failure to accommodate claim based on the Court's dismissal of [his] efforts to obtain a reassignment/transfer likely would be met with a timeliness argument," Reply at 9; and says that the Museum terminated him in August 2026, thus "depriving [him] of any opportunity to utilize

the [Museum's] EEO processes," *id.* These circumstances do not amount to manifest injustice. This Court considered and rejected Mr. Burlack's claims under governing law. And in doing so, it applied the longstanding and mandatory administrative exhaustion requirements of Title VII and the Rehabilitation Act. Moreover, because Mr. Burlack failed to point to record evidence supporting any of his exhausted claims, the Court is doubtful that Mr. Burlack's unexhausted claim would succeed on this record in any event. All in all, Mr. Burlack has not demonstrated that the extraordinary measure of alteration or amendment of the Court's judgment is justified.

Accordingly, the Court **DENIES** Mr. Burlack's Motion to Alter or Amend the Judgment, ECF No. 46.

**SO ORDERED.**

SPARKLE L. SOOKNANAN
United States District Judge

Date: October 21, 2026